MARIA MONTANEZ, PLAINTIFF-APPELLANT, v.
JOSE LUIS MONTANEZ, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 18, 1977—Decided February 1, 1977.

Before Judges HALPERN, BOTTER and DAVIDSON.

*Mr. Sydney N. Lane,* attorney for appellant (Newark Legal Services Project; *Ms. Annamay T. Sheppard and Mr. Wesley R. LaBar,* on the brief).

Respondent was not represented.

PER CURIAM. Plaintiff Maria Montanez filed a complaint seeking a divorce from defendant Jose Montanez on the

grounds of 18 months separation, as well as custody of the three minor children of the marriage. Her complaint also stated that she had no means of support for herself and the children.

The court below granted the divorce, and on its own motion required plaintiff to amend her complaint to include a prayer for child support and ordered plaintiff's attorney to serve a copy of the complaint, as amended, on defendant. It is from this portion of the final judgment of divorce that plaintiff appeals.

During the separation plaintiff received public assistance from the Essex County Welfare Board. She had brought support proceedings in Juvenile and Domestic Relations Court, which entered an order for child support against defendant, to be paid through the probation department for the benefit of the welfare board.

Plaintiff contends that the judge's motion to amend her complaint is a denial of her due process rights and that, in any case, the welfare board is the real beneficiary of any support order entered for the children. We find these contentions to be without merit.

The court below had the jurisdiction to enter such an order as part of its inherent *parens patriae* jurisdiction to act in the best interests of these children. The same result could have been reached in different ways, as by the court amending the complaint on its own, or by appointing a guardian *ad litem* for the purpose of securing support. And, despite the involvement of the welfare board, the order was ultimately for the benefit of these children. See also, *R.* 4:79–6 (a), *R.* 4:77–1(c) and *R.* 5:6–3.

Accordingly, we affirm.